IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kely Y. Arbuckle (#B-89413),<br><br>　　　　Plaintiff,<br><br>v.<br><br>Dr. Hector Garcia, and Dr. Christian Okezie,<br><br>　　　　Defendants. | Case No. 1:21-cv-02461<br><br>Judge Manish S. Shah<br><br>Magistrate Judge Jeffery Cole<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT *[CORRECTED VERSION]*[1]**

Plaintiff Kely Y. Arbuckle ("Arbuckle"), by and through his attorneys, for his First Amended Complaint brings this action against Dr. Hector Garcia ("Garcia") and Dr. Christian Okezie ("Okezie," and, collectively with Dr. Garcia, "Defendants") pursuant to 42 U.S.C. § 1983 to redress violations of Arbuckle's rights under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment resulting from deliberate indifference to his serious medical needs while incarcerated at the Stateville Correctional Center ("Stateville").

**I.　　PARTIES**

1.　　Plaintiff Kely Y. Arbuckle is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Stateville.

2.　　Defendant Garcia is a medical doctor employed or retained by Wexford Health Sources, Inc. (a private company the IDOC has contracted with to provide healthcare to inmates) ("Wexford") to work at Stateville with the title Utilization Management Physician. Garcia is a physician licensed to practice medicine in the State of Illinois who oversees medical services to inmates at Stateville. Dr. Garcia was acting under the color of state law at all times relevant to this Amended Complaint. Plaintiff sues Dr. Garcia in his individual capacity.

---

[1] This Corrected Version of the First Amended Complaint varies from the pleading as filed February 25, 2022, by correcting the first name of defendant Hector Garcia, M.D.

3. Defendant Okezie is a medical doctor employed or retained by Wexford to work at Stateville with the title Medical Director. Okezie is a physician licensed to practice medicine in the State of Illinois who oversees medical services to inmates at Stateville. Dr. Okezie was acting under the color of state law at all times relevant to this Amended Complaint. Plaintiff sues Dr. Okezie in his individual capacity.

## II.     JURISDICTION

4. This Court has subject matter jurisdiction over the claims set forth in this Amended Complaint under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). The matter in controversy arises under 42 U.S.C. § 1983 ("Section 1983") and the Eighth Amendment to the United States Constitution.

5. Plaintiff has exhausted all administrative remedies available to him within the meaning of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a), prior to bringing this Section 1983 civil rights lawsuit.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the acts giving rise to Plaintiff's claims occurred at Stateville located in Joliet, Illinois, in the Northern District of Illinois.

## III.     PREVIOUS LAWSUITS BY PLAINTIFF

7. Plaintiff has not filed any other lawsuits dealing with the facts involved in this action. Plaintiff has filed one previous suit, case no. 1:20-cv-01419 (N.D. Ill. Feb. 26, 2020), against James D. Wilcox, Lt. John Doe (Brian Givens), Major Fredricks, Officer Johnson, Chutes Best, Morgan Hudson, Randy Pfister, David Gomez, Lt. Brown, Sgt. Terrell Pork, Officer Garrett, Officer Jones, Deputy Director Robinson, Wendell Jacobs, and Akerria Daniels. The case remains pending.

## IV. FACTUAL BACKGROUND

### A. Plaintiff's Diagnosis

8. Prior to his incarceration, Arbuckle wore contact lenses to correct his vision issues. While using contacts, his vision remained stable.

9. Since Arbuckle's incarceration, when he no longer had access to contact lenses, his vision has deteriorated.

10. On February 21, 2018, Arbuckle had an optometric examination at Stateville.

11. At that exam, Stateville's licensed optometrist, Dr. Timothy J. Fahy, diagnosed Arbuckle with astigmatism with progressive myopia and advised Arbuckle that he needed to see a specialist, an ophthalmologist, and be fitted with gas permeable contact lenses to improve his vision and suppress further progression of his medical vision condition. *See* Exhibit 1 ("Offender Optometric Examination" and "Medical Special Services Referral and Report").

12. Dr. Fahy told Arbuckle that he would be referred to the UIC Contact Lens Clinic, where he could see an ophthalmologist, for further evaluation and contact fitting.

13. Dr. Fahy explained to Arbuckle that his condition was progressive and that, to preserve Arbuckle's vision and stop the progression of his condition, Fahy was recommending gas permeable contact lenses.

14. On February 27, 2018, Dr. Garcia (acting as Wexford's "Utilization Management") reviewed Dr. Fahy's request and recommendation and approved Arbuckle for treatment at the UIC Contact Lens Clinic. *See* Exhibit 2 ("Wexford Health Sources Incorporated" memo from "Utilization Management" to "Site Director & HSA" stating "Based upon a review of the information provided, Service is Approved" and "UIC Contact Lens Clinic Eval approved by Dr. Garcia after referral review for a patient with progressive myopia and astimgatism [sic].").

15. In or about May 2018, having not been told of when he would be going to the UIC Contact Lens Clinic, Arbuckle spoke with a nurse at Stateville (believed to be named "Cara") who Arbuckle understood schedules ophthalmological appointments. The nurse checked Wexford's records and confirmed to Arbuckle that he had been approved for an appointment at the UIC Contact Lens Clinic. She told Arbuckle that she could not disclose the exact date of the appointment for security reasons. The nurse assured Arbuckle that the appointment was "already scheduled" and that he would be sent to UIC within 60-days.

16. In or about late July 2018, Arbuckle again spoke to the same nurse identified in the preceding paragraph because he still had not been taken to the UIC Contact Lens Clinic. The nurse informed Arbuckle that he should have been taken to UIC on July 13, 2018. The nurse told Arbuckle that she would bring this to the Medical Director's attention and reschedule the appointment. She said she would keep Arbuckle informed.

**B.     Defendants Refuse to Secure Medical Treatment for Arbuckle**

17. Months later, on or about July 31, 2018, and without any further examination of Arbuckle, Dr. Garcia and Dr. Okezie engaged in a "collegial" review at which time they determined that Arbuckle would not receive contact lenses. Stateville's medical records indicate that, despite Dr. Fahy's diagnosis and recommendation for a referral to see a specialist to treat his condition, Wexford's collegial review had led to a determination (without explanation) that contact lenses were "not … medically necessary." On information and belief, neither Dr. Garcia nor Dr. Okezie are ophthalmologists.

18. Stateville's medical records indicate that on August 3, 2018, a further "collegial review" purportedly was conducted, again without any examination of Arbuckle and, on information and belief, without Dr. Fahy, where a new plan was devised where Arbuckle would be "referred to our [onsite] optometrist." In other words, Wexford's collegial review had led to a

determination that Arbuckle should not see a specialist/ophthalmologist but should continue to be treated by Stateville's optometrist who had previously recommended Arbuckle should see a specialist/ophthalmologist at the UIC Contact Lens Clinic.

19. On information and belief, Wexford's collegial review that led to the determination that Arbuckle should not see a specialist/ophthalmologist but should continue to be treated by Stateville's optometrist was not medically based but rather was part of Wexford's practice, policy, or custom, and/or the deliberate act of a decision-maker with final policy making authority (including Dr. Okezie) to increase Wexford's profit, at the expense of patients' medical needs.

20. On August 30, 2018, Arbuckle appeared at Stateville's "sick-call" and asked a nurse to look into the scheduling of his UIC appointment. That nurse informed Arbuckle that he was not approved for contact lenses because of an unspecified determination that the treatment was not medically necessary.

**C.  Arbuckle Exhausts Administrative Remedies**

21. Promptly after learning of the reversal of the recommendation made to him by the only doctor to have examined him, Arbuckle made appropriate requests for the form needed to request his medical records and then used that form to request his medical records. Arbuckle received the form required to request records in or about late September 2018, and promptly submitted the completed form. On December 6, 2018, Arbuckle received the requested medical records.

22. On December 12, 2018, Arbuckle filed his grievance, requesting the medically necessary treatment prescribed by Dr. Fahy on February 21, 2018, and approved by Dr. Garcia on February 27, 2018.

23. On January 6, 2019, Arbuckle wrote Colleen M. Franklin, Correctional Counselor

II, to request a receipt and grievance number. On January 22, 2019, Arbuckle made a similar inquiry to his gallery counselor at Stateville. On January 23, 2019, Arbuckle renewed his request to Ms. Franklin. Receiving no substantive response to his requests for a receipt and a grievance number, despite repeated and varied requests regarding his December 12, 2018 grievance, the initial stage of the grievance procedure thus was unavailable at Stateville, and Arbuckle forwarded his December 12, 2018 grievance to the Administrative Review Board. On March 9, 2019, Arbuckle followed-up with Kelly Ledford, an Officer Coordinator at the Administrative Review Board, along with a notarized certificate of service, explaining his efforts to pursue his grievance.

24. On March 15, 2019, Arbuckle received a "counseling summary" from Ms. Franklin claiming that Arbuckle's December 12, 2018 grievance had been received on January 17, 2019. On March 21, 2019, Arbuckle received a response from Ms. Sherry Benton of the Administrative Review Board, stating that Arbuckle's issues had to reviewed by Stateville prior to review by the Administrative Review Board, ignoring that Stateville had failed to timely respond to Arbuckle's properly filed grievance, thereby making the grievance procedure unavailable to Arbuckle.

25. On August 27, 2019, eight (8) months after Arbuckle filed his December 12, 2018 grievance, he received a response, denying the grievance.

26. On August 30, 2019, Arbuckle appealed the denial to the Administrative Review Board. No response was received prior to the filing of this lawsuit on May 7, 2021.

**D.     Arbuckle's vision continues to deteriorate**

27. Arbuckle has continued to experience vision issues.

28. Arbuckle suffers from severe headaches which he believes are related to his deteriorating vision. His eyes are frequently sore and he has occasional episodes where his

vision is blurred. His vision is worse in his estimation.

## COUNT I
## Cruel and Unusual Punishment
### 42 U.S.C. § 1983
### (Against Defendants Garcia and Okezie)

29. Arbuckle incorporates and re-alleges each and every allegation in Paragraphs 1 through 28 as if fully set forth herein.

30. At all times relevant to the claims set forth in this Amended Complaint, Garcia and Okezie were acting in their capacities as medical doctors employed or retained by the IDOC to provide medical examination and treatment to inmates.

31. At all times relevant to the claims set forth in this Amended Complaint, Garcia and Okezie had a duty to perform the tasks mandated of a person in their position, including providing adequate medical care and not demonstrating deliberate indifference to an inmate's need for medical attention.

32. Arbuckle's chronic eye condition constitutes a serious medical condition.

33. Garcia and Okezie knew or should have known from Arbuckle's medical records that his conditions constituted a serious medical need.

34. Despite Dr. Fahy's recommendation for medical treatment at the UIC Contact Lens Center, and despite Dr. Garcia's initial approval of that treatment, Dr. Garcia and Dr. Okezie refused to provide adequate medical treatment and, thus, knowingly disregarded excessive risks to Arbuckle's health and well-being. This is contrary to Garcia's and Okezie's individual duties to provide the medical care necessary to treat Arbuckle's conditions.

35. Dr. Garcia's and Dr. Okezie's conduct, including their decision to deny previously approved care, constitutes deliberate indifference to Arbuckle's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Arbuckle requests that this Court:

(a)     enter judgment against Defendants on Count I of this Amended Complaint;

(b)     award injunctive relief compelling Defendants to provide the medical care previously recommended and approved for Arbuckle, namely a referral to the UIC Contact Lens Center for evaluation and fitting of contact lenses;

(c)     award compensatory damages to Plaintiff in an amount sufficient to compensate him for his injuries and for the pain and mental anguish suffered by him due to the deliberate indifference and intentional misconduct of Defendants, which amount shall be determined at trial, together with attorneys' fees and costs;

(d)     award punitive damages to Plaintiff due to the malicious behavior and reckless or callous indifference exhibited by Defendants resulting in physical and emotional injury to Plaintiff, which amount shall be determined at trial; and

(e)     award such other and further relief as the Court deems just and proper.

Dated: June 17, 2022

Respectfully submitted,

KELY ARBUCKLE

By: */s/Eric D. Brandfonbrener* [2]
One of his attorneys

Eric D. Brandfonbrener, ARDC #6195674
Perkins Coie LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
Telephone: (312) 324-8400
ebrand@perkinscoie.com

---

[2] Recruited counsel appointed pursuant to the Court's November 15, 2021 Minute Order (Dkt. No. 19).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of June, 2022 a copy of the foregoing was electronically filed with the U.S. District Court Clerk, Northern District of Illinois, Eastern Division, by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Eric D. Brandfonbrener*

One of the attorneys for plaintiff